UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY F. FISHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JERRY BROWN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01800-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 14] |

　　　Plaintiff Gary F. Fisher is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Now pending before the Court is Plaintiff's motion for a preliminary injunction filed on November 4, 2013.  Plaintiff moves the Court for an order directing prison officials to stop retaliating against during his attempts to exhaust the administrative remedies, provide him photocopy services, and access to paper envelopes.

**I.**

**DISCUSSION**

　　　"A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

1

tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, the Court has yet to screen Plaintiff's complaint and found cognizable claims under federal law. As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief. Further, assuming Plaintiff does state cognizable federal claims in the amended complaint, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting the defendants from retaliating against him for filing this lawsuit or an order requiring the defendants to permit Plaintiff to exhaust claims via the inmate appeals system.

## II.

## RECOMMENDATION

Accordingly, Plaintiff's motions for preliminary injunctive relief should be DENIED because the Court lacks jurisdiction to issue the orders sought.

This Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2013**

UNITED STATES MAGISTRATE JUDGE

3