UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY F. FISHER,<br><br>   Plaintiff,<br><br> v.<br><br>JERRY BROWN, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-01800-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE FILED MAY 8, 2014<br><br>[ECF No. 30] |

  Plaintiff Gary F. Fisher is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  On May 8, 2014, Plaintiff filed a document entitled "civil rights leave to amend or motion to reopen, to be heard, then close case."

  On April 25, 2014, Plaintiff's complaint was dismissed, with leave to amend, for failure to state a cognizable claim for relief.

  Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Voluntary dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir.

2008) (describing consequences of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

Rule 41(a)(1)(A)(i) does not require a particular form of a notice of dismissal. See Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (holding that a failure to cite Rule 41 was irrelevant, and giving no weight to plaintiff's choice to title the document "motion to dismiss" as opposed to "notice of dismissal"). In addition, a notice of voluntary dismissal is effective at the moment it is filed, and no judicial approval or court order is required. Pedrina v. Chun, 987 F.2d 608 (9th Cir. 1993).

In his May 8, 2014, filing, indicates that he is presently without his legal property, and he intends to "refile my lawsuit when CDCR and California Health Careless Facility decide to either give it back or destroy it." He later states, he "will file, as soon as it is made possible. If not, so be it." It is unclear from Plaintiff's filing whether he is expressing his intent to voluntarily dismiss the action pursuant to Rule 41 or whether he is seeking an extension of time to file an amended complaint in compliance with the Court's April 25, 2014, order. In light of the uncertainty, Plaintiff will be directed to file a notice of intent as to how he wishes to proceed with this action.

Based on the foregoing,

IT IS HEREBY ORDERED that within fourteen (14) days from the date of service of this order, Plaintiff shall file a notice of intent as to whether he desires to dismiss the action or is merely seeking an extension of time to comply with the Court's April 25, 2014, screening order. <u>If Plaintiff fails to respond to this order, Plaintiff is advised that the Court will construe Plaintiff's May 8, 2014, filing as notice of intent to voluntarily dismiss pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and the action will be dismissed accordingly</u>.

IT IS SO ORDERED.

Dated: **May 9, 2014**

UNITED STATES MAGISTRATE JUDGE