UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY F. FISHER,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01800-AWI-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE ACTION PURSUANT TO PLAINTIFF'S VOLUNTARY DISMISSAL<br><br>[ECF Nos. 30, 32] |

    Plaintiff Gary F. Fisher is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On May 8, 2014, Plaintiff filed a document entitled "civil rights leave to amend or motion to reopen, to be heard, then close case."

    On May 9, 2014, Magistrate Judge Stanley A. Boone issued an order directing Plaintiff within fourteen (14) days to file a notice of intent as to whether he desired to dismiss the action or merely sought an extension of time to comply with the Court's April 25, 2014, screening order. Plaintiff failed to respond to the Court's order.

    Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Voluntary dismissal under this rule requires no action on the part of the court and

1 divests the court of jurisdiction upon the filing of the notice of voluntary dismissal.  See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

Rule 41(a)(1)(A)(i) does not require a particular form of a notice of dismissal.  See Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (holding that a failure to cite Rule 41 was irrelevant, and giving no weight to plaintiff's choice to title the document "motion to dismiss" as opposed to "notice of dismissal").  In addition, a notice of voluntary dismissal is effective at the moment it is filed, and no judicial approval or court order is required.  Pedrina v. Chun, 987 F.2d 608 (9th Cir. 1993).

In this instance, the Court has allowed Plaintiff to clarify his intent as to whether he desired to dismiss the entire action or extend the time for filing a further complaint.  Plaintiff failed to heed the Court's direction, despite having been advised that the Court would construe his May 8, 2014, filing as a notice to voluntarily dismiss pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Clerk of the Court is HEREBY DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   June 27, 2014                                      _____
                                                             SENIOR DISTRICT JUDGE